

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-04-207-CR

ERIC PAUL MICHAEL                                                      APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## DISSENTING MEMORANDUM OPINION[1]
## FROM REFUSAL TO MODIFY ON
## PETITION FOR DISCRETIONARY REVIEW

------------

On original submission of this appeal, this court affirmed Appellant's conviction, holding that impeachment of the complainant witness with prior inconsistent statements was an attack on her character for truthfulness. We

---

[1] *See* TEX. R. APP. P. 47.4.

reasoned that impeachment by prior inconsistent statements is always such an attack, and that the cross-examination here thus justified rehabilitative opinion testimony offered by the State from her former second grade teacher as to her good character for truthfulness under Texas Rule of Evidence 608(a). *Michael v. State*, 173 S.W.3d 829, 833 (Tex. App.—Fort Worth 2005). On petition for discretionary review, the Texas Court of Criminal Appeals vacated and remanded for consideration of the issue whether the character evidence was properly admitted, based on the test of whether a reasonable juror would believe the complainant's character for truthfulness was attacked by cross-examination, evidence from other witnesses, or statements of counsel. *Michael v. State*, 235 S.W.3d 723, 728 (Tex. Crim. App. 2007).

On remand, this court assumed, without deciding, that the trial court abused its discretion by admitting the evidence of the complainant's good character for truthfulness but again affirmed the conviction, holding that the assumed error was nevertheless harmless because it did not have a substantial and injurious effect or influence on the jury's verdict. *Michael v. State*, No. 02-04-00207-CR, 2008 WL 426180 (Tex. App.—Fort Worth, Feb. 14, 2008, pet. filed) (mem. op., not designated for publication).

On March 19, 2008, Appellant filed his petition for discretionary review by the court of criminal appeals of our decision on remand. On reconsideration, I am convinced that our opinion on remand is wrong, and I disagree with the decision of the majority not to withdraw and modify or correct the opinion and judgment. *See* TEX. R. APP. P. 50. I would hold that the trial court abused its discretion by admitting the testimony of the complainant's former teacher as to the complainant's character for truthfulness because the cross-examination of the complainant was specific impeachment merely highlighting testimonial defects in the accuracy of her memory. I would hold that allowing the teacher's opinion testimony improperly bolstered the complainant's testimony.

The teacher's opinion carried an aura of authority and expertise (together with references to the school records). The verdict was based solely on the complainant's in- and out-of-court statements in a trial that turned on the complainant's credibility from beginning to end, versus the testimony of Appellant. The complainant said it happened; Appellant said it did not. The teacher's opinion of the complainant's good character for truthfulness went to the heart of the case. Considering everything in the record, including the voir dire and closing arguments and the theories of the case espoused by the State and Appellant, I would further hold that the error had a substantial and injurious

3

effect on the jury's verdict.  *See* TEX. R. APP. P. 42.2(b); *Shutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001).  Consequently, I would reverse the conviction and remand for a new trial.


ANNE GARDNER
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  April 17, 2008

4